IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLOPHER DOTSON,

      Petitioner,                       No. CIV S-06-2251 FCD CHS P

    vs.

M. C. KRAMER,

      Respondent.       FINDINGS AND RECOMMENDATIONS
_____/

## I. INTRODUCTION

Petitioner Clopher Dotson is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He challenges the 2002 judgment of conviction entered against him in the Shasta County Superior Court, case number 00F2786.

## II. BACKGROUND

A jury convicted petitioner of five methamphetamine related offenses, as alleged in counts one and three to six, and found that counts five and six were committed within 1,000 feet of a school. The trial court declared petitioner's 1970 Missouri manslaughter conviction a valid strike[1] and further found true two prior narcotics convictions, two prior prison terms, and

---

[1] *See* Cal. Penal Code §667 (habitual criminals or "three strikes" law).

1

that two offenses were committed while on bail for another offense. Petitioner was sentenced to a prison term of 18 years, four months.

The California Court of Appeal, Third District, affirmed the judgment in full and the California Supreme Court denied review. Petitioner filed several applications for writ of habeas corpus in the Shasta County Superior Court, the California Court of Appeal, and the California Supreme Court, which were likewise denied.

The issues raised in the petition are largely procedural, and relevant facts are set forth where pertinent.

### III. CLAIMS FOR RELIEF

The petition sets forth five grounds for relief. Some of the grounds for relief appear to overlap and others arguably raise more than one issue. A good summary of petitioner's allegations appears in the conclusion section of his petition at pages 5T-5U. For purposes of this opinion, petitioner's claims will be analyzed as follows: (A) whether the trial court erred when it relied on his 1970 manslaughter conviction to enhance his sentence pursuant to §§ 667 and 1170.12 of the California Penal Code; (B) whether petitioner suffered a *Blakely* error at sentencing; (C) whether petitioner was subjected to double jeopardy and whether appellate counsel rendered ineffective assistance in failing to raise a double jeopardy claim on appeal; and (D) whether petitioner's conviction was unconstitutional because the prosecutor allegedly breached a contract. For the reasons that follow, the claims are without merit and the petition should be denied.

### IV. APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)). This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to,

the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999). Under AEDPA, federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

## V. ANALYSIS OF THE CLAIMS

### A. Sentence Enhancements for the Prior 1970 Conviction

Petitioner asserts that the trial court erred in using his prior manslaughter conviction from 1970 to enhance his sentence pursuant to Cal. Penal Code §§ 667[2] and 1170.12[3].

First, petitioner alleges that his prior manslaughter conviction is invalid for all enhancement purposes because he did not receive *Boykin-Tahl* admonitions prior to pleading guilty to that offense.

In *Boykin v. Alabama*, the United States Supreme Court held that a criminal defendant's waiver of certain constitutional rights, including the right to jury trial, the right to confront witnesses, and the privilege against self-incrimination, must be knowing and intelligent and must be reflected on the record. 395 U.S. 238, 242-43 (1969). The California Supreme Court added to the requirements of *Boykin* that the record must clearly state that the defendant specifically and expressly waived each of these three constitutional rights. *In re Tahl*, 1 Cal. 3d.

---

[2] § 667 is the state's habitual criminals or "three strikes" law.

[3] § 1170.12 provides, in part, that defendants with prior felony conviction(s) accrue reduced credit for good behavior and receive consecutive sentences for separate felony offenses.

122 (1969), *cert. denied*, 398 U.S. 911 (1970).

Petitioner's claim challenging the validity of his 1970 conviction based on the court's alleged failure to advise him of his *Boykin-Tahl* rights may not be reviewed in this court. In *Lackawanna County District Attorney v. Coss*, the United States Supreme Court held that:

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. 394, 403-04 (2001) (internal citation omitted).

The Supreme Court suggested three exceptions to the general rule of *Lackawanna*: (1) where there was a failure, at the time of the prior conviction, to appoint counsel in violation of the Sixth Amendment and *Gideon v. Wainwright*, 372 U.S. 335 (1963); (2) where a state court had, without justification, refused to rule on a properly presented constitutional claim as to the prior conviction; or (3) after expiration of the time for direct or collateral review of the prior conviction, the defendant obtained compelling evidence that he was actually innocent of the crime underlying the prior conviction. *Id*. at 404. None of these exceptions apply to petitioner's prior conviction. His 1970 Missouri manslaughter conviction is conclusively valid, and a challenge to the trial court's use of it to enhance his sentence based on an alleged lack of *Boykin-Tahl* admonitions may not be properly reviewed by this court.

Petitioner also asserts that his Missouri manslaughter conviction does not specifically qualify as a prior felony conviction for enhancement purposes under §1170.12 of the California Penal Code. This allegation is also not properly reviewed in this court. The question "whether [petitioner's manslaughter] conviction qualifies as a "serious felony" under California's sentence enhancement provisions is an issue of state sentencing law." *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989). Allegations that the trial court erred in applying state

sentencing law may not be reviewed by a federal court sitting in habeas corpus. *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal habeas relief "unavailable for alleged error in the interpretation or application of state law"), *cert. denied*, 478 U.S. 1021 (1986).

      B.     *Blakely* Error

Petitioner alleges that he was sentenced by the trial court in violation of his Sixth and Fourteenth Amendment rights as defined in *Blakely v. Washington*, 542 U.S. 296, 301 (2004). (Petition at 5K-5L.)

In *Apprendi v. New Jersey*, the United States Supreme Court held that, *other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum sentence must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. 466, 490 (2000). In *Blakely v. Washington*, the court clarified that the applicable statutory maximum is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. *Blakely v. Washington*, 542 U.S. 296, 303 (2004). By its express terms, *Blakely* had no effect on *Apprendi's* inapplicability to proof of prior convictions. *Id*. at 301; *see also United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004).

In this case, the trial court sentenced petitioner to the upper term on count five, citing various factors, one of which was his prior conviction. (RT at 907.) Petitioner argues that the court erred in failing to submit the other factors relied upon to a jury to be proved beyond a reasonable doubt. Under California law, however, a single fact in aggravation makes the upper term legally available. *See* Cal. R. Ct. 4.420; *People v. Cruz*, 38 Cal.App.4th 427, 433 (2nd Dist. 1995); *People v. Forster*, 29 Cal.App.4th 1746, 1758 (4th Dist. 1994). Thus, once the trial court properly found a single fact in aggravation, i.e., that petitioner had sustained a prior conviction, the court was free to impose the upper term. *Id*. Any additional fact-finding was relevant only to selection of a sentence within that statutory range, including the available upper term. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). "For that reason, if at least one of the aggravating

factors on which the judge relied in sentencing [ ] was established in a manner consistent with the Sixth Amendment, [the] sentence does not violate the Constitution." *Id*. Accordingly, there can be no relief on petitioner's *Blakely* claim.

        C.        Double Jeopardy/ Ineffective Assistance of Counsel

Petitioner alleges that the aggravated sentence he received for count 5 was improperly enhanced pursuant to California Health and Safety Code §11353.6, subdivision (b) (sale of a controlled substance within 1000 feet of a school), because "there was only one sale [that] day." (Petition at 5L.) Petitioner cites California Penal Code § 654, which directs that an act or omission punishable in different ways by different provisions of the penal code may be punished either way, but only under a single provision. Again, however, such questions regarding the proper application of state sentencing law may not be reviewed in this court. *Miller v. Vasquez*, 868 F.2d at 1118-19; *Middleton v. Cupp*, 768 F.2d at 1085.

It appears that petitioner is alleging that he was sentenced twice for the same offense based on the offense itself and its enhancement. He asserts elsewhere in the petition that double jeopardy precluded the Missouri prosecutor from testifying at the pretrial hearing on the constitutionality of the 1970 conviction because the prosecutor was a party to the 1970 case. (Petition at 5P.) Finally, petitioner asserts that he was subjected to double jeopardy because there were two hearings regarding the 1970 conviction, one before trial and another after the jury verdict. (Petition at 5Q-5R.)

The Double Jeopardy clause precludes successive prosecutions or multiple punishments for the same offense. *Monge v. California*, 524 U.S. 721, 727-28 (1998). Sentence enhancements, however, do not "punish" a defendant within the meaning of double jeopardy. *United States v. Watts*, 519 U.S. 148, 154 (1997). Rather, they increase the given sentence because of the manner in which the crime was committed. *Id*. "[T]he defendant is punished only for the fact that the present offense was carried out in a manner that warrants increased punishment." *Id*. at 155, *quoting Witte* 515 U.S. 389, 403. Thus, double jeopardy protections did

not apply to any proceedings at petitioner's trial regarding sentence enhancements, including the prior conviction from 1970 or the enhancement for sale of a controlled substance within 1000 feet of a school.

Petitioner asserts that appellate counsel rendered ineffective assistance in failing to raise a double jeopardy issue on appeal. For the reasons stated above, however, petitioner's allegations do not raise a valid claim of double jeopardy. It is clear that a double jeopardy claim on appeal would have been without merit. Accordingly, appellate counsel did not render ineffective assistance in not raising the issue. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 693-94 (1984) (must show that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted; appellate counsel not ineffective for failing to raise a meritless issue). Petitioner is not entitled to relief on any of his allegations of double jeopardy or ineffective assistance of counsel based on the failure to raise double jeopardy on appeal.

D. "Breach of Contract"

It appears that petitioner is alleging in the fourth ground of his petition that the prosecutor made some kind of contractual promise to him regarding his prior 1970 conviction which was later breached. This confusing claim is set forth in the petition as follows: "the state denied petitioner his 14th Amendment right to enforce the terms of a binding contract at pretrial (*Boykin-Thal*) challenge of petitioner's 1970 plea bargain Missouri manslaughter contract." (Petition at 5N.)

The transcript pages petitioner references within his argument are portions relating to a dispute between the prosecution and defense regarding whether they had an agreement that the evidence presented at the pre-trial hearing on the constitutionality of the 1970 conviction would suffice to prove the strike,[4] which customarily is done after the jury verdict is rendered. (RT at 65-66; 798-804.)

---

[4] A strike in this context is a serious felony within the meaning of Cal. Penal Code §667, the state's habitual criminals or "three strikes" law.

Petitioner's allegations for his so-called "breach of contract" claim are not clear, as the record reflects that it was the prosecutor who believed the parties had an agreement, while defense counsel denied its existence. (RT at 800.) In any event, petitioner's vague and confusing "breach of contract" claim fails to identify a violation of the United States Constitution or laws of the United States. Thus, there can be no relief on this claim. 28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993).

## VI. CONCLUSION

For all the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 16, 2009.

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE