IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLOPHER DOTSON,

      Petitioner,                                  No. CIV S-06-2251 FCD CHS P

    vs.

M. C. KRAMER,

      Respondent.           <u>ORDER</u>

                                /

        Petitioner is a state prisoner proceeding pro se. His application for writ of habeas corpus brought pursuant to 18 U.S.C. § 2254 was denied and judgment entered on May 21, 2009. On June 18, 2009, petitioner filed a motion asking the court to vacate its May 21, 2009 order denying his petition. Petitioner states that he did not receive a copy of the magistrate judge's findings and recommendations filed on March 16, 2009. Indeed, the docket does not reflect service by mail of these findings and recommendations on petitioner as required by Federal Rule of Appellate Procedure 4(a).

        Petitioner states that he would like the record to show that he objects to the magistrate judge's conclusion that relief should be denied. Petitioner does not set forth his specific objections. It appears that he may simply be concerned that his petition was denied solely because of the fact that he did not file objections. This court did review the file and found

1

the findings and recommendations to be supported by the record and the magistrate judge's analysis.  Nevertheless, petitioner should not be deprived of the opportunity to file written objections due to the court's mailing error.  The court's May 21, 2009 order will be vacated pursuant to Fed. R. Civ. P. 60(b)(6), which allows relief from a final judgment, order, or proceeding for any reason justifying such relief.[1]  Within 20 days after being served with this order, petitioner may file written objections to the magistrate judge's findings and recommendations and serve a copy on all parties.  Such a document should be captioned "Objections to the Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  Petitioner is advised that failure to file objections within the specified time may waive his right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Accordingly, IT IS HEREBY ORDERED that:

(1) Petitioner's 6/18/09 motion to vacate the court's 3/16/09 order and judgment denying his habeas corpus petition is GRANTED;

(2) Petitioner has 20 days from service of this order to file written objections to the magistrate judge's findings and recommendations dated 3/16/09;  and

(3) Any reply to such objections shall be served and filed within ten days after service of the objections.

DATED: July 10, 2009.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The court is mindful that the Ninth Circuit has held that Fed. R. Civ. P. 60(b)(6) does not give a district court the discretion to vacate a judgment in order to reopen the period of time for filing a notice of appeal due to a party's lack of notice, because Fed. R. App. P. 4(a)(6) and Fed. R. Civ. P. 77(d) provide the exclusive remedy for that problem.  *In re Stein*, 197 F.3d 421, 425 (9th Cir. 1999).  But in this case, it is not the final judgment for which petitioner did not receive notice, but rather, the magistrate judge's report and recommendations.  Petitioner filed a timely notice of appeal after receiving notice of the final judgment.  The concern that he is attempting to circumvent the deadline for filing a notice of appeal is thus not present in this case.

2